IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:20-CR-0005-K |
| | ) | |
| SERGIO ALEMAN | ) | |

### MEMORANDUM OPINION AND ORDER

By order of reference dated July 15, 2020 (doc. 98), before the Court is the defendant's *Motion to Set Bond*, filed July 15, 2020 (doc. 97). Based on the relevant filings, the evidence of record in the prior detention hearing, and the applicable law, the motion is **DENIED**.

### I. BACKGROUND

Sergio Aleman (Defendant) was charged by indictment with conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), on January 8, 2020. (*See* doc. 1.) He was arrested in the Southern District of Texas and made his initial appearance in the McAllen Division on January 24, 2020. (*See* doc. 68.) The Government moved to detain Defendant, and after a hearing, he was ordered detained and removed to this district. (*See* doc. 68 at 13-14; doc. 68-1.)

Defendant now seeks bond due to the outbreak of coronavirus, or COVID-19. (*See* doc. 97.) The entirety of his argument is as follows:

> Counsel for Defendant is requesting this Honorable Court to Set Bond due to COVID-19 public emergency, Centers for Disease Control and Prevention issued guidance recommending against mass gatherings. Due to the pandemic many inmates have become infected, testing positive, their health and welfare in jeopardy, thus a medical emergency.

(*See id.*)

### II. 18 U.S.C. § 3142(i)

Defendant does not cite a statutory basis for his motion for release. He does not seek to

reopen his detention hearing under 18 U.S.C. § 3142(f)(2) on the basis of new information.[1] This courts has adopted the reasoning of those courts finding that because a defendant's concerns of heightened COVID-19 risks while incarcerated would not typically factor into an analysis of whether to reopen detention under 18 U.S.C. § 3142(f)(2), which focuses on whether conditions can be set that reasonably assure the safety of the community and the defendant's appearance in court, they are more properly addressed under § 3142(i).  *See United States v. Sanmiguel,* No. 3:19-CR-630-B, 2020 WL 3036636, at *2 (N.D. Tex. June 5, 2020) (citing *United States v. Martinez Hernandez,* No. 3:19-CR-346-K, 2020 WL 1876102, at *2 (N.D. Tex. Apr. 14, 2020) (citing *United States v. Terrone,* __F. Supp. 3d__, 2020 WL 1844793 (D. Nev. Apr. 10, 2020)); *see also United States v. Johnson*, 3:19-CR-306-B, 2020 WL 4933598, at *2 (N.D. Tex. Aug. 24, 2020) (concerns of heightened COVID-19 risks while incarcerated are applicable to all prisoners and do not implicate either prong of the § 3142(f)(2) analysis).[2]  Defendant's request for release on the basis of COVID-19 is therefore construed as seeking temporary release under 18 U.S.C. § 3142(i), and not as seeking to reopen the detention hearing under § 3142(f).  *See id.*

---

[1] Section 3142(f)(2)(B) of Title 18 provides that a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information.  *U.S. v. Stanford*, 367 F. App'x 507, 510 (5th Cir. Feb. 17, 2010) (per curiam)(citing *United States v. Hare,* 873 F.2d 796, 799 (5th Cir.1989).

[2] COVID-19 is an infectious disease caused by a new virus, and its resulting respiratory complications have resulted in thousands of deaths around the world and in the United States.  *See United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at *4 (N.D. Tex. Apr. 6, 2020) (citations omitted).  According to the Center for Disease Control (CDC), persons with underlying medical conditions, such as heart disease, lung disease, diabetes, asthma, and obesity, are at a higher risk of developing serious COVID-19 illness.  *See id.* (citations omitted). The CDC has acknowledged the particular challenges faced by correctional and detention facilities in controlling the transmission of COVID-19.  *See id.* (citations omitted).

> Section 3142(i) states that after a defendant has been detained,
>
> > the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). It is the defendant who bears the burden to show that temporary release is necessary. *Hernandez,* 2020 WL 1876102, at *2 (citing *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020) (quoting *United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)), and *United States v. Slaughter*, __ F. Supp. 3d__, 2020 WL 1685117, at *2 (S.D.Tex. Apr. 6, 2020)).

"Courts have noted the limited existence of authority delineating what constitutes a 'compelling reason' under § 3142(i)." *Id.* (quoting *Wright,* 2020 WL 1694298, at *4 (quoting *United States v. Clark*, 448 F. Supp. 3d. 1152 (D. Kan. 2020)). "Nevertheless, requests for release in light of the COVID-19 pandemic have been considered under the "compelling reason" prong of § 3142(i)." *Id.* (citations omitted). "The growing number of jurisdictions using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." *Id.* (collecting cases). To make this individualized determination, courts have considered the four factors enumerated in *Clark*, 448 F. Supp. 3d. at 1157, which are to be considered as a whole, but not necessarily equally: "(1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." While these factors provide a useful

3

guide, a detailed analysis of all four appears unnecessary where, as here, a defendant has presented only generalized concerns. *See Sanmiguel,* 2020 WL 3036636, at *2; *Hernandez,* 2020 WL 1876102, at *2.

In this case, Defendant does not allege that there is an outbreak at the facility where he is being detained. *See Hernandez,* 2020 WL 1876102, at *2 (citing *United States v. Aguirre-Maldonado,* No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *2 (D. Minn. Apr. 9, 2020); *United States v. Busby*, No. 2:19-cr-143-Z-BR (N.D. Tex. Mar. 30, 2020), doc. 41 at 5). He does not allege that he has any underlying condition that makes him more susceptible to severe illness from COVID-19. *See id.* (citing *United States v. Fason*, No. 1:11-cr-12-21, 2020 WL 1820581, at *2 (N.D. Ohio Apr. 10, 2020)). He does not allege that he is being detained in the same part of the facility where anyone who is symptomatic or has been diagnosed with COVID-19 is being detained, or that he has been exposed to anyone who is symptomatic or has been diagnosed with COVID-19. *See Wright,* 2020 WL 1694298, at *6; *United States v. Adamu*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1821717, at *5 (S.D.N.Y. Apr. 10, 2020). He does not allege that the measures in place at his detention facility are insufficient to address his generalized concerns. *See Wright,* 2020 WL 1694298, at *6 (citing *United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at * (N.D. Tex. Apr. 6, 2020) (citations omitted)). In *Wright*, the court noted that "'[a]s for local pretrial detention facilities the Marshals Service contracts with, each has their own internal procedures as to how they are dealing with the COVID-19 virus and are following CDC guidelines to the best of their ability. Each facility has updated their intake procedures, which includes screening each new inmate for the COVID-19 symptoms, and will deny entry into their facility if an inmate demonstrates any symptoms.'" *Id.* at 6; *see also Morris,* 2020 WL 1694301, at *5 ("The United States Marshal's Office for the Northern

4

District of Texas has confirmed that all of the facilities in which it houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines."). The government's response also cites to the Bureau of Prisons' Coronavirus (COVID-19) Phase Two Action Plan put into place to minimize the risk of transmission of COVID-19. (*See* doc. 99 at 8-11 & n. 1, citing BOP Implementing Modified Operations plan, available at https://www/bop.gov/coronavirrus/covid19 status.jsp.) Defendant's generalized concerns alone are insufficient to show a compelling reason for temporary release. *See Sanmiguel,* 2020 WL 3036636, at *3; *Hernandez,* 2020 WL 1876102, at *4; *Terrone,* 2020 WL 1844793 at *10.

### III.  CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on September 15, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5